COPY

1  MUSICK, PEELER & GARRETT LLP
   ATTORNEYS AT LAW
2  650 TOWN CENTER DRIVE, SUITE 1200
   COSTA MESA, CALIFORNIA  92626-1925
   TELEPHONE 714-668-2447
3  FACSIMILE 714-668-2490

4  Donald E. Bradley (State Bar No. 145037)
   d.bradley@mpglaw.com
5
   Attorneys for Defendant TRANS UNION LLC
6



7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA
10

11 ROCKWELL L. SCHARER III,         Case No. **CV13-00080**DSF(AGRx)

12            Plaintiff,

13     vs.                          **DEFENDANT TRANS UNION
                                    LLC'S NOTICE OF REMOVAL**
14

15 ONEWEST BANK, FSB, a
   Corporation; EXPERIAN
16 INFORMATION SOLUTIONS INC,       [Removed from the Superior Court of
                                    California, Los Angeles County, Case
17 an Ohio Corporation; EQUIFAX, INC.,  No. BC495531]
   a Georgia Corporation; TRANSUNION
18 CORP., a Delaware Corporation; DOES
19 1 through 20, inclusive,         Complaint Filed:  November 9, 2012

20            Defendants.

21

22

23         Trans Union LLC ("Trans Union"), incorrectly named Transunion Corp., files

24 this Notice of Removal pursuant to 28 U.S.C. §1446(d) and in support thereof would

25 respectfully show the Court as follows:

26                    **A.    Procedural Background**

27         1.    On November 9, 2012, Plaintiff Rockwell L. Scharer III ("Plaintiff")

28 filed the Complaint in this action in the Superior Court of California, Los Angeles

827618.1

1    County, Case No. BC495531, ("State Court Action") alleging that Defendants

2    OneWest Bank, FSB ("OneWest"), Trans Union LLC ("Trans Union") erroneously

3    sued as Transunion Corp., Experian Information Solutions, Inc. ("Experian"), and

4    Equifax Information Services, LLC ("Equifax"), erroneously sued as Equifax, Inc.,

5    violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, *et seq*. A complete and

6    accurate copy of the Complaint, and complete and accurate copies of pleadings filed

7    to date in the State Court Action are attached hereto as **Exhibit A**.

8           2.     The time period for filing a responsive pleading in the State Court

9    Action has not expired as of the filing of this Notice of Removal.

10         3.     The Defendants were served with Plaintiff's Complaint on the

11    following dates: Experian and OneWest Bank were served on December 5, 2012,

12    and Trans Union and Equifax were served on December 7, 2012. This Notice of

13    Removal is being filed within the 30-day time period required by 28 U.S.C.

14    §1446(b).

15         4.     All Defendants have joined in this removal notice. Complete and

16    accurate copies of the Defendants' Joinders and Consents to Removal are attached

17    collectively hereto as **Exhibit B**.

18                   **B. Grounds for Removal**

19         5.     The present suit is an action over which this Court has original

20    jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court by

21    Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action

22    founded on a claim or right arising under the laws of the United States. Removal is

23    thus proper because Plaintiff's claims present a federal question. *Id.* In his

24    Complaint, Plaintiff seeks damages for Defendants' alleged violations of the Federal

25    Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Moreover, any future claims

26    based on state law may be adjudicated by this Court pursuant to 28 U.S.C. § 1367.

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

## C.  Compliance with Procedural Requirements

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within 30 days after the Defendant received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

7.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

8.      Promptly after the filing of this Notice of Removal, Trans Union will give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

9.      No other proceedings, process, pleadings, orders or other papers have been filed or served in the State Court Action.  Trial has not commenced in Superior Court of California, Los Angeles County, Case No. BC495531.

By filing this Notice of Removal, Trans Union consents to the removal of this case.

WHEREFORE, Trans Union LLC respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

DATED: January 4, 2013                MUSICK, PEELER & GARRETT LLP


By: _____
      Donald E. Bradley
      Attorneys for Defendant TRANS UNION LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

4470442.1/SP/83057/1388/010313

● **ORIGINAL** ●

*A609*
*90088*

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 9'' 2012

JOHN A. CLARKE, CLERK

BY MARY FLORES, DEPUTY

1  PAUL M. HITTELMAN SBN: 033449
   PMHPC@earthlink.net
2  12011 San Vicente Blvd, Ste 600
   Los Angeles, CA 90049-4948
3  Telephone: 310-471-7600
   Facsimile: 310-471-7655
4
   Attorneys for Plaintiff Rockwell L. Scharer III
5

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10  ROCKWELL L. SCHARER III              **CASE NO:**

11                                          **BC 4 9 5 5 3 1**

12                  Plaintiff,

13      vs.                              **COMPLAINT FOR DAMAGES FOR:**

14  ONEWEST BANK, FSB, a Corporation;    **1. Violations of the Consumer Credit**
    EXPERIAN INFORMATION                 **Reporting Act (Civil Code §1785 et seq);**
15  SOLUTIONS INC, an Ohio Corporation;
    EQUIFAX, INC., a Georgia Corporation; **2. Violation of Fair Credit Reporting Act**
16  TRANSUNION CORP., a Delaware         **(15 USC §1861 et seq) ;**
    Corporation; DOES 1 through 20,
17  inclusive.                           **3.  Negligent Infliction of Emotional**
                                         **Distress.**
18                  Defendants.

19

20

21  Plaintiff, Rockwell L. Scharer III alleges as follows:

22

23  <u>**ALLEGATIONS COMMON TO AND INCLUDED IN ALL CAUSES OF ACTION**</u>

24

25       1.    At all times herein mentioned, plaintiff was and now is, a resident of Los Angeles

26  County, State of California.

27       2.    Plaintiff is informed and believes and thereon alleges that at all times herein

28  mentioned until July 11, 2008, IndyMac Federal Bank ("IndyMac") was a corporation duly

-1-
**COMPLAINT**

1  organized and existing under and by virtue of the laws of the state of Delaware and had engaged

2  in business in a number of states, including California and Nevada.

3      3.     Plaintiff is informed and believes and thereon alleges that at all times herein

4  mentioned since March, 2009, Defendant OneWest Bank, FSB ("OneWest") was, and now is

5  a corporation engaged in doing business as a bank in California.

6      4.     Plaintiff is informed and believes and thereon alleges that on or about July 11,

7  2008, IndyMac was closed by the Office of Thrift Supervision and the Federal Deposit

8  Insurance Corporation was named its Conservator.   Thereafter, on or about March 19, 2009,

9  IndyMac's assets and property were sold and transferred to, and its liabilities assumed by

10  Defendant One West, which thereby became the successor in interest to IndyMac, assuming and

11  becoming subject to, the liabilities and obligations of IndyMac, including the obligations and

12  liabilities to plaintiff which are the subject matter of this action.

13      5.     Plaintiff is informed and believes and thereon alleges that at all times herein

14  mentioned Defendant Equifax, Inc. ("Equifax") was, and now is a corporation duly organized

15  and existing under and by virtue of the laws of the State of Georgia engaged in a doing business

16  throughout the United States and qualified to engage in business, and engaging in business, in

17  California as a credit reporting and rating bureau, collecting and reporting data on, among

18  others, consumers such as and including plaintiff.

19      6.     At all times herein mentioned Defendant TransUnion Corp. ("TransUnion") was,

20  and now is a corporation duly organized and existing under and by virtue of the laws of the

21  State of Delaware engaged in a doing business throughout the United States and qualified to

22  engage in business, and engaging in business, in California, as a credit reporting and rating

23  bureau, collecting and reporting data on, among others, consumers such as and including

24  plaintiff.

25      7.     At all times herein mentioned Defendant Experian Information Solutions, Inc.

26  ("Experian") was, and now is a corporation duly organized and existing under and by virtue of

27  the laws of the State of Ohio engaged in a doing business throughout the United States and

28  qualified to engage in business, and engaging in business, in California, as a credit reporting and

**COMPLAINT**

1   rating bureau, collecting and reporting data on, among others, consumers such as and including

2   plaintiff.

3        8.    Prior to March, 2009, plaintiff was a successful businessman and investor whose

4   credit rating, as reported by the credit bureaus, including defendants Equifax, TransUnion and

5   Experian, and each of them, was in the highest, most desirable category. Plaintiff's such highly

6   rated credit standing was indispensable to him in his business and personal financial activities

7   and he strove, at all times, to maintain his credit rating at that level.

8        9.    Prior to March, 2009, plaintiff had semi-retired from his active business and had

9   utilized his accumulated life savings to invest in and acquire several parcels of income

10   producing real property including three retail commercial projects in and around Houston,

11   Texas and three single family residences in Clark County, Nevada. These residences were the

12   subject of loans originally made by IndyMac to plaintiff, identified as IndyMac loans nos.

13   1007708009, 1007697939 and 1007430646, which number identifications were utilized by

14   IndyMac's successor, Defendant OneWest.

15        10.   Plaintiff is informed and believes and thereon alleges that beginning in or about

16   mid 2007, due to adverse changes in the United States economy that culminated in or about

17   September 2008, when the large investment bank, Lehman Brothers, filed for relief under the

18   Bankruptcy Code and the abuses and excesses in mortgage banking, investment banking and

19   real property financing were revealed, the United States entered what is now known as the Great

20   Recession, when property values plummeted and the mortgage banking industry collapsed.

21        11.   Plaintiff is informed and believes and thereon alleges that commencing with the

22   dramatic downturn in the U.S. economy, which particularly affected his holdings in Texas and

23   Nevada, plaintiff suffered financial reverses from which he sought to recover and, in connection

24   therewith, sought to borrow money to enable him to do so. Sources for such borrowing proved

25   to be extremely limited and only persons with the highest credit ratings were able to borrow and

26   plaintiff came, after April, 2010, to be denied credit by all to whom he applied.

27        12.   Plaintiff is informed and believes and thereon alleges that heretofore and prior to

28   September 11, 2009, defendants Equifax, TransUnion and Experian, and each of them,

**COMPLAINT**

1    published and disseminated credit reports concerning and affecting plaintiff that contained

2    references to three real property secured loans made by defendant IndyMac on the loans

3    numbers 1007708009, 1007697939 and 1007430646.

4        13.     Plaintiff is informed and believes and thereon alleges that prior to September 11,

5    2009, OneWest, as IndyMac's successor, wrongfully foreclosed on the real property secured by

6    two of the IndyMac loans to plaintiff, loans nos. 1007697939 and 1007430646.  Plaintiff is

7    further informed and believes and thereon alleges that these foreclosures were reported by

8    OneWest to defendants Equifax, TransUnion and Experian, and each of them, who thereafter

9    published and disseminated in credit reports concerning plaintiff data describing these two loans

10    as foreclosed.

11        14.     On or about September 11, 2009, plaintiff filed a civil action in the Nevada

12    District Court for Clark County, Nevada, Case No. A599042, (the "Nevada action"), in which

13    plaintiff sought, among other relief, an order compelling elimination from all credit reports

14    published by credit reporting agencies, including defendants, and each of them, of any

15    references to the wrongful foreclosure of the two IndyMac originated Nevada loans to plaintiff.

16        15.     Thereafter, and on April 30, 2010, there was filed and entered in the Nevada

17    action a Default Judgment ("the Nevada Judgment") which stated, inter alia:

18        "ORDERED that the credit reporting agencies, Experian, TransUnion, Equifax
          and any other similar or related credit reporting agencies eliminate any
19       foreclosure references as reported to the credit bureaus in connection with the
          loans hereinabove referred to."

20

21        16.     Plaintiff is informed and believes and thereon alleges that shortly after April 30,

22    2010, and on many occasions thereafter, defendants Equifax, TransUnion and Experian, and

23    each of them, received written notification from plaintiff or his agents of the Nevada Judgment,

24    each notification accompanied by a request that all credit reports referencing "foreclosure"

25    concerning the designated loans be eliminated from such reports.

26        17.     Plaintiff is informed and believes and thereon alleges that notwithstanding these

27    notifications and demands, defendants Equifax, TransUnion and Experian, and each of them,

28    continued for many months, through and including early 2012 to publish and disseminate credit

**COMPLAINT**

1     reports concerning plaintiff including reference to "foreclosure" of two of the referenced

2     IndyMac originated loans, now identified as OneWest Bank loans, nos. 1007697939 and

3     1007430646.

4          18.    In preparing and disseminating the many reports concerning plaintiff's credit after

5     April 30, 2010, defendants Equifax, TransUnion and Experian, and each of them, violated

6     California Civil Code Section 1785.14(b) in that said defendants, and each of them, did not

7     follow reasonable procedures to assure the maximum possible accuracy of the information

8     concerning plaintiff, thereby causing inclusion in the reports of the inaccurate, obsolete, and

9     erroneous information that two of plaintiff's real property secured loans originated with

10    IndyMac had been the subject of foreclosure.

11

12                      **FIRST CAUSE OF ACTION**

13    **(Against All Defendants For Violations of The Consumer Credit Reporting Act)**

14

15         19.    Plaintiff is informed and believes and thereon alleges that defendants Equifax,

16    TransUnion and Experian, and each of them, are, and at all time herein mentioned were,

17    regularly engaged in the practice of assembling and evaluating consumer credit information

18    on consumers for the purposes of compiling, furnishing and disseminating reports

19    concerning consumers, their credit and credit ratings to third parties.

20         20.    Plaintiff is informed and believes and thereon alleges that after April 30, 2010,

21    defendants Equifax, TransUnion and Experian, and each of them, furnished consumer credit

22    reports to third persons concerning the credit worthiness, credit standing or credit capacity of

23    plaintiff.

24         21.    Plaintiff is informed and believes and thereon alleges that in compiling,

25    making, and disseminating the above-mentioned consumer credit reports concerning

26    plaintiff the defendants Equifax, TransUnion and Experian, and each of them, in violation of

27    California Civil Code Sections 1785.11 et seq. reported that two of plaintiff's real property

28    loan transactions had resulted in foreclosures, which information was inaccurate, as the

**COMPLAINT**

1  Nevada Judgment hereinabove referred to required the deletion of such information.

2  Plaintiff is informed and believes and thereon alleges that in so reporting, said defendants,

3  and each of them, violated California Civil Code Section 1785.14(a) in that said defendants,

4  and each of them, failed to maintain reasonable procedures to avoid including the outdated

5  and erroneous information in consumer credit reports concerning plaintiff.

6         22.     Plaintiff is informed and believes and thereon alleges that in preparing and

7  disseminating the many reports concerning plaintiff's credit after April 30, 2010, defendants

8  Equifax, TransUnion and Experian, and each of them, violated California Civil Code

9  Section 1785.14(b) in that said defendants, and each of them, did not follow reasonable

10  procedures to assure the maximum possible accuracy of the information concerning plaintiff,

11  thereby causing inclusion in the reports of inaccurate, obsolete, and erroneous information

12  that two of plaintiff's real property secured loans originated with IndyMac had been the

13  subject of foreclosure.

14         23.     Plaintiff is informed and believes and based thereon alleges that in failing to

15  comply with Civil Code Sections 1785.11 and 1785.14(a) in the manner described above,

16  defendant did so negligently or willfully.

17         24.     Plaintiff is informed and believes and based thereon alleges that as a proximate

18  result of the negligent or willful conduct of defendants Equifax, TransUnion and Experian,

19  and each of them, as mentioned above, plaintiff has been damaged in amounts presently

20  unascertained but which, plaintiff is informed and believes and thereon alleges, exceed

21  $1,000,000.  Plaintiff will seek leave of court to amend this complaint to assert such

22  amounts when ascertained.

23         25.     Plaintiff is informed and believes and thereon alleges that the acts and conduct

24  engaged in by the defendants Equifax, TransUnion and Experian, and each of them, were

25  engaged in willfully, maliciously, oppressively, fraudulently or with the intent to harm and

26  cause injury to Plaintiff.   Plaintiff is further informed and believes and thereon alleges that

27  said defendants, and each of them, engaged in despicable conduct carried on with conscious

28  disregard of Plaintiff's rights.   Plaintiff, accordingly, is entitled to exemplary and punitive

**COMPLAINT**

damages against defendants, and each of them.

26.     As a result of defendants' breaches, plaintiff has retained the legal services of counsel and is entitled to recover reasonable attorney's fees and costs of this litigation.

## SECOND CAUSE OF ACTION

### (Against All Defendants For Violation of The U.S. Fair Credit Reporting Act)

27.     Plaintiff repeats, realleges and incorporates herein by this reference each and every allegation herein above set forth in paragraphs 1- 26, inclusive and each of them.

28.     Plaintiff is informed and believes and based thereon alleges that at all relevant times herein mentioned, defendants Equifax, TransUnion and Experian, and each of them, were credit reporting agencies under the Fair Credit Reports Act, Title 15 U.S.C. §1681 et seq. (the "FCRA"), and compiled, wrote, circulated and disseminated credit reports containing negative information and notations against plaintiff.

29.     Plaintiff is informed and believes and based thereon alleges that provisions of the FCRA provide that actions for damages arising thereunder may be instituted and maintained in the above entitled court.

30.     Plaintiff is informed and believes and based thereon alleges that plaintiff is entitled to maintain a separate cause of action against defendants, and each of them, for an award of damages in an amount to be proven at trial for all violations of the FCRA which caused actual damage to the plaintiff, including emotional distress and humiliation, under 15 U.S.C. §1681 s-2(b).

31.     Plaintiff is entitled to recover damages from defendants, and each of them, for their negligent noncompliance under 15 U.S.C. §1681o.

-7-

**COMPLAINT**

### THIRD CAUSE OF ACTION

#### (Against All Defendants For Negligent Infliction of Emotional Distress)

32.     Plaintiff repeats, realleges and incorporates herein by this reference each and every allegation herein above set forth in paragraphs 1- 31, inclusive and each of them.

33.     Plaintiff is informed and believes and based thereon alleges that as a direct and proximate result of the negligence and reckless disregard by defendants, and each of them, of plaintiff's right to fair and accurate credit reports and as a direct and proximate result thereof, plaintiff sustained severe emotional distress and mental suffering, all of which has caused, continue to cause and will in the future cause plaintiff great physical and mental pain and suffering all to his damage in presently unknown amounts to be proved at trial.  Plaintiff will seek leave to amend this complaint to insert such amounts when ascertained.

34.     Plaintiff is informed and believes and based thereon alleges that as a further direct and proximate result of the conduct of defendants, and each of them, plaintiff was unable to pursue his business and occupation and thereby suffered damages in amounts presently unascertained but which plaintiff alleges exceeds $500,000.  Plaintiff will seek leave to amend this complaint to insert such amounts when ascertained.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.      On the First and Second Causes of Action:

      a.      For actual damages in the sum of $1,000,000 plus additional sums according to proof at trial;

      b.      For exemplary, punitive damages;

      c.      For reasonable attorneys fees;

- 8 -

**COMPLAINT**

2.    On the Third Cause of Action:

    a.    For general damages according to proof at trial;

    b.    For special damages for lost earnings according to proof at trial;

3.    On the Complaint in its entirety:

    a.    For plaintiff's cost of suit herein incurred;

    b.    For such other and further relief as the court may deem proper.

DATED: November 9, 2012          PAUL M. HITTELMAN

                              PAUL M. HITTELMAN
                              Attorney for Plaintiff

- 9 -

**COMPLAINT**

CM-010

ORIGINAL

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address)*:<br>PAUL M. HITTELMAN SBN: 033446<br>12011 San Vicente Blvd., Ste 600<br>Los Angeles, CA 90049-4948 | **FOR COURT USE ONLY** |
|---|---|

TELEPHONE NO.: 310-471-7600   FAX NO.: 310-471-7600
ATTORNEY FOR *(Name)*: Plaintiff Rockwell L. Scharer III

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 9'' 2012

JOHN A. CLARKE, CLERK

BY MARY FLORES, DEPUTY

CASE NAME:
Scharer v. OneWest Bank, FSB, a Corporation, et al

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: BC495531 |
|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☑ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):*  three
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 9, 2012
Paul M. Hittelman
_____          _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# ORIGINAL

 

| SHORT TITLE: Scharer v. OneWest Bank, FSB, et al | CASE NUMBER BC 495531 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL <u>6</u>  ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Scharer v. OneWest Bank, FSB, et al | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Scharer v. OneWest Bank, FSB, et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Scharer v. OneWest Bank, FSB, et al | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>742 N. Las Palmas Avenue |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90038 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk                courthouse in the Central                District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: November 9, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV - 9 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ONEWEST BANK, FSB, a Corporation [see attached Schedule 1]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROCKWELL L. SCHARER III

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 N. Hill Street, Los Angeles, CA 90012<br>Central District | CASE NUMBER:<br>*(Número del Caso):*<br>BC495531 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul M. Hittelman, 12011 San Vicente Blvd., Ste 600, Los Angeles, CA 90049; (310) 471-7600

| | | | |
|---|---|---|---|
| DATE: NOV 9 2012<br>*(Fecha)* | JOHN A. CLARKE, Clerk by | | , Deputy<br>Mary Flores *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Tranunion Corp. A Delaware Corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SCHEDULE 1
ADDITIONAL DEFENDANTS

EXPERIAN INFORMATION SOLUTIONS INC, an Ohio Corporation; EQUIFAX,
INC., a Georgia Corporation; TRANSUNION CORP., a Delaware Corporation; DOES 1
through 20, inclusive.

PAUL M. HITTELMAN SBN: 033449
PMHPC@earthlink.net
12011 San Vicente Blvd, Ste 600
Los Angeles, CA 90049-4948
Telephone: 310-471-7600
Facsimile: 310-471-7655

Attorneys for Plaintiff Rockwell L. Scharer III

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

ROCKWELL L. SCHARER III

      Plaintiff,

      vs.

ONEWEST BANK, FSB, a Corporation;
EXPERIAN INFORMATION
SOLUTIONS INC, an Ohio Corporation;
EQUIFAX, INC., a Georgia Corporation;
TRANSUNION CORP., a Delaware
Corporation; DOES 1 through 20,
inclusive.

      Defendants.

CASE NO:  BC495531

NOTICE OF RULING ON
PEREMPTORY CHALLENGE

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on November 30, 2012, Plaintiff's November 21, 2012
Peremptory Challenge pursuant to Code of Civil Procedure §170.6 was deemed timely filed and
that, upon direction from Department One, this matter has been reassigned from Judge Suzanne
G. Bruguera, Department 71 to Judge Richard E. Rico in Department 17 of the above entitled
court.  A copy of the November 30, 2012 Order is attached as Exhibit "A" hereto.

DATED:  December 4, 2012          PAUL M. HITTELMAN

                           PAUL M. HITTELMAN
                           Attorney for Plaintiff

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/30/12

HONORABLE Suzanne G. Bruguera  JUDGE

HONORABLE  JUDGE PRO TEM

C. RANDLE, C.A.  Deputy Sheriff

DEPT. 71

K. TOLLACK  DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

NONE  Reporter

| 2:00 pm | BC495531 | | |
|---|---|---|---|
| | ROCKWELL L SCHARER III | Plaintiff Counsel | NO APPEARANCE |
| | VS | | |
| | ONEWEST BANK FSB ET AL | Defendant Counsel | NO APPEARANCE |

**NATURE OF PROCEEDINGS:**

PLAINTIFF ROCKWELL L. SCHARER III'S PEREMPTORY
CHALLENGE AGAINST THE HONORABLE SUZANNE G. BRUGUERA,
DEPARTMENT 71

The Court reviews plaintiff's
Peremptory Challenge filed with the Court on
November 21, 2012 pursuant to Section 170.6
of the Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from Judge Suzanne G. Bruguera,
Department 71, to Judge Richard E. Rico,
Department 17.

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail.  Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

Page  1 of  2  DEPT. 71

MINUTES ENTERED
11/30/12
COUNTY CLERK

EXHIBIT 'A'

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/30/12                                                                    DEPT. 71

HONORABLE Suzanne G. Bruguera        JUDGE   K. TOLLACK                DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR

C. RANDLE, C.A.        Deputy Sheriff   NONE                    Reporter

| | | |
|---|---|---|
| 2:00 pm | BC495531 | Plaintiff Counsel   NO APPEARANCE |
| | ROCKWELL L SCHARER III | |
| | VS | |
| | ONEWEST BANK FSB ET AL | Defendant Counsel   NO APPEARANCE |

NATURE OF PROCEEDINGS:

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: November 30, 2012

John A. Clarke, Executive Officer/Clerk

By: _____**K. TOLLACK**_____
             K. TOLLACK


Paul M. Hittleman, Esq.
12011 San Vicente Boulevard, Suite 600
Los Angeles, California 90049


                    Page   2 of   2   DEPT. 71

MINUTES ENTERED
11/30/12
COUNTY CLERK

PAUL M. HITTELMAN SBN: 033449
PMHPC@earthlink.net
12011 San Vicente Blvd, Ste 600
Los Angeles, CA 90049-4948
Telephone: 310-471-7600
Facsimile: 310-471-7655

Attorneys for Plaintiff Rockwell L. Scharer III

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

ROCKWELL L. SCHARER III

              Plaintiff,

    vs.

ONEWEST BANK, FSB, a Corporation;
EXPERIAN INFORMATION
SOLUTIONS INC, an Ohio Corporation;
EQUIFAX, INC., a Georgia Corporation;
TRANSUNION CORP., a Delaware
Corporation; DOES 1 through 20,
inclusive.

              Defendants.

CASE NO:  BC495531

**NOTICE OF CASE MANAGEMENT
CONFERENCE**

**Date: March 11, 2013**
**Time: 8:30 a.m.**
**Dept. 17**
**111 N. Hill Street**
**Los Angeles, CA 90012**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that the above entitled case has been set for a Case Management Conference before Honorable Richard E. Rico, Judge of the Superior Court as follows:

    Date: March 11, 2013
    Time: 8:30 a.m.
    Dept. 17
    111 N. Hill Street
    Los Angeles, CA 90012

A copy of the Court's "Notice of Case Management Conference" is attached hereto, marked Exhibit "A" and is incorporated herein by this reference.

DATED: December 4, 2012

                PAUL M. HITTELMAN

                PAUL M. HITTELMAN
                Attorney for Plaintiff

NOTICE SENT TO:

Hittelman, Paul M.
12011 San Vicente Blvd., Ste 600
Los Angeles          CA   90049

ORIGINAL FILED
FILED LA M

DEC - 3 2012

LOS ANGELES
SUPERIOR CO

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

ROCKWELL L SCHARER III

VS.                              Plaintiff(s),

ONEWEST BANK FSB ET AL

Defendant(s).

CASE NUMBER

BC495531

NOTICE OF CASE
MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  March 11, 2013  at  8:30 am  in  Dept. 17  at 111 North Hill Street, Los Angeles, California  90012.

NOTICE TO DEFENDANT:      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  December 3, 2012

Judicial Officer

RICHARD E. RICO

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date:  December 3, 2012

John A. Clarke, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EXHIBIT A

NOTICE SENT TO:

Hittelman, Paul M.
12011 San Vicente Blvd., Ste 600
Los Angeles       CA   90049

# FILED
### LOS ANGELES SUPERIOR COURT

DEC - 3 2012

JOHN A. CLARKE, CLERK

BY BRENDA CHAVEZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ROCKWELL L SCHARER III | Plaintiff(s), | BC495531 |
| VS. | | |
| ONEWEST BANK FSB ET AL | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>January 8, 2013</u> at <u>8:30 am</u> in <u>Dept. 17</u> of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: <u>ALL DEFENDANTS</u>**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room <u>102</u> at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: <u>December 3, 2012</u>

_____
Judicial Officer
**RICHARD E. RICO**

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: <u>December 3, 2012</u>

John A. Clarke, EXECUTIVE OFFICER/CLERK

By_____, Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*
PAUL M. HITTELMAN      SBN: 033449
SHAFFER, GOLD & RUBAUM, LLP
12011 SAN VICENTE BLVD., #600   LOS ANGELES, CA 90049

TELEPHONE NO.: **(310) 476-9955**     FAX NO. *(Optional):*    **(310) 471-0482**
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* :

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: **Central**

FOR COURT USE ONLY

# FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**DEC 13 2012**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

PLAINTIFF/PETITIONER: SCHARER

DEFENDANT/RESPONDENT: ONE WEST BANK, FSB, ET AL.

CASE NUMBER:
**BC495531**

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: **913.00** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
       **See attached Document List**

DATE: 3/11/13
TIME: 8:30am
DEPT: 17

3. a. Party served *(specify name of party as shown on documents served):*
   **ONEWEST BANK, FSB, A CORPORATION**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **GLENN GOMEZ - PERSON AUTHORIZED TO ACCEPT**

4. Address where the party was served:
   **888 E. WALNUT**
   **PASADENA, CA 91101**

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/5/2012**    (2) at *(time):* **3:00 PM**

   b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*     or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/LA212041629

PETITIONER: SCHARER

RESPONDENT: ONE WEST BANK, FSB, ET AL.

CASE NUMBER:

BC495531

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first class mail, postage prepaid,

(1) on *(date):*　　　　　　　　　　　　　　　(2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **ONEWEST BANK, FSB, A CORPORATION**
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)　　　　　　　　☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)　　　　　☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)　☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)　　　☐ 416.90 (authorized person)
☐ 416.50 (public entity)　　　　　　　　☐ 415.46 (occupant)
　　　　　　　　　　　　　　　　　　　☐ other:

7. Person who served papers
a. Name: **Carl F. Lundgren - Janney & Janney Attorney Service, Inc.**
b. Address: **1545 Wilshire Blvd., Suite 311  Los Angeles, CA 90017**
c. Telephone number: **(213) 628-6338**
d. The fee for service was: $ **56.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☒ registered California process server:
(i) ☐ owner　☐ employee　☒ **independent contractor.**
(ii) Registration No.: **2849**
(iii) County: **LOS ANGELES**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **December 07, 2012**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Suite 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____
**Carl F. Lundgren**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Page 2 of 2

POS-010 [Rev January 1, 2007]　　　　**PROOF OF SERVICE OF SUMMONS**　　　　POS-010/LA212041629

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| PAUL M. HITTELMAN                    SBN: 033449<br>SHAFFER, GOLD & RUBAUM, LLP<br>12011 SAN VICENTE BLVD., #600  LOS ANGELES, CA 90049 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |

TELEPHONE NO.: **(310) 476-9955**       FAX NO.(Optional):   **(310) 471-0482**

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

Los Angeles County Superior Court - Stanley Mosk

STREET ADDRESS: **111 N. Hill St.**

MAILING ADDRESS:

CITY AND ZIP CODE: **Los Angeles, CA 90012**

BRANCH NAME: **Central**

**DEC 13 2012**

John A. Clarke _____ Executive Clerk

By _____, Deputy
GLORIETTA ROBINSON

| PLAINTIFF/PETITIONER: SCHARER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ONE WEST BANK, FSB, et al | **BC495531** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **913.00** |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:
        **See attached Document List**

DATE: **3|11|13**
TIME: **8:30am**
DEPT: **17**

3. a. Party served *(specify name of party as shown on documents served)*:
      **EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the person named in item 3a)*:
      **MARIA SANCHEZ - PERSON AUTHORIZED TO ACCEPT**

4. Address where the party was served: **CT CORPORATION SYSTEM**
      **818 W. 7TH STREET**
      **LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. ☒ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/5/2012**   (2) at *(time):* **2:20 PM**

   b. ☐ by substituted service.  On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      *(1)* ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      *(2)* ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      *(3)* ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      *(4)* ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*          or ☐ a declaration of mailing is attached.

      *(5)* ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/LA212041628 |
|---|---|---|

| | |
|---|---|
| PETITIONER: SCHARER<br><br>RESPONDENT: ONE WEST BANK, FSB, et al | CASE NUMBER:<br>BC495531 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):               (2) from (city):

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a ☐ as an individual defendant.
  b ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d ☒ On behalf of *(specify):* **EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation**
     under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                 ☐ other:

7. Person who served papers
  a. Name: **Andrew Gowing - Janney & Janney Attorney Service, Inc.**
  b. Address: **1545 Wilshire Blvd., Suite 311 Los Angeles, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: $ **56.00**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner    ☒ **employee**    ☐ **independent contractor.**
      (ii) Registration No: **140/6700**
      (iii) County: **Los Angeles**

8. ☒ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

      Date: **December 06, 2012**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Suite 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

                                                                  

      **Andrew Gowing**                                  (SIGNATURE)
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 (Rev January 1, 2007)        **PROOF OF SERVICE OF SUMMONS**        POS-010/LA212041628

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>PAUL M. HITTELMAN   SBN: 033449<br>SHAFFER, GOLD & RUBAUM, LLP<br>12011 SAN VICENTE BLVD., #600   LOS ANGELES, CA 90049 | FOR COURT USE ONLY |

TELEPHONE NO.: (310) 476-9955   FAX NO.(Optional):   (310) 471-0482
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): :

**FILED**
Los Angeles Superior Court

**DEC 19 2012**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER:  SCHARER

DEFENDANT/RESPONDENT:  ONE WEST BANK, FSB, ET AL.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>913.00 |

CASE NUMBER:
BC495531

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):*
      **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Notice of Case Management Conference; DRPA Providers; Notice for Ruling on Peremptory Challenge; Voluntary Efficient Litigation Stipulations**
3. a. Party served *(specify name of party as shown on documents served):*
   **EQUIFAX, INC., A GEORGIA CORPORATION**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **STEVE CASSIDY - PERSON AUTHORIZED TO ACCEPT**
4. Address where the party was served:  CSC LAWYERS
   **2710 GATEWAY OAKS DR., # 150N**
   **SACRAMENTO, CA 95833**
5. I served the party *(check proper box)*
   a. ☒ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/7/2012   (2) at *(time):* 12:45 PM
   b. ☐ by substituted service. On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER: SCHARER | CASE NUMBER: |
|---|---|
| RESPONDENT: ONE WEST BANK, FSB, ET AL. | BC495531 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                               (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **EQUIFAX, INC., A GEORGIA CORPORATION**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)                   ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)           ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
   a. Name: **Michael James Hylan - Janney & Janney Attorney Service, Inc.**
   b. Address: **1545 Wilshire Blvd., Ste. 311 Los Angeles, CA 90017**
   c. Telephone number: **(213) 628-6338**
   d. The **fee** for service was: **$ 75.00**
   e. I am:

     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☒ registered California process server:
        (i) ☐ owner     ☐ employee   ☒ **independent contractor.**
        (ii) Registration No.: **2012-013**
        (iii) County: **Nevada**

8. ☒ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **December 11, 2012**



**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Ste. 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____
       **Michael James Hylan**                 *Michael James Hyl...* (SIGNATURE)
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
PAUL M. HITTELMAN                          SBN: 033449
SHAFFER, GOLD & RUBAUM, LLP
12011 SAN VICENTE BLVD., #600   LOS ANGELES, CA 90049

TELEPHONE NO.: **(310) 476-9955**           FAX NO.*(Optional):*     **(310) 471-0482**
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

Los Angeles County Superior Court - Stanley Mosk

STREET ADDRESS: **111 N. Hill St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles, CA 90012**
BRANCH NAME: **Central**

PLAINTIFF/PETITIONER: **SCHARER**

DEFENDANT/RESPONDENT: **ONE WEST BANK, FSB, ET AL.**

FOR COURT USE ONLY

**FILED**
Los Angeles Superior Court

**DEC 19 2012**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

CASE NUMBER:

BC495531

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 913.00 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  summons
   b. [X]  complaint
   c. [X]  Alternative Dispute Resolution (ADR) package
   d. [ ]  Civil Case Cover Sheet  *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [X]  other *(specify documents):*
       **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Notice of Case Management Conference; DRPA Providers; Notice for Ruling on Peremptory Challenge; Voluntary Efficient Litigation Stipulations**

3. a. Party served *(specify name of party as shown on documents served):*
   **TRANSUNION CORP., A DELAWARE CORPORATION**

   b. [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **STEVE CASSIDY - PERSON AUTHORIZED TO ACCEPT**

4. Address where the party was served: **CSC LAWYERS**
   **2710 GATEWAY OAKS DR., # 150N**
   **SACRAMENTO, CA 95833**

5. I served the party *(check proper box)*
   a. [X]  by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/7/2012**   (2) at *(time):* **12:45 PM**

   b. [ ]  by substituted service.  On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

       (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

       (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*        or [ ] a declaration of mailing is attached.

       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 (Rev. January 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/LA212041619

| PETITIONER: SCHARER | CASE NUMBER: |
|---|---|
| RESPONDENT: ONE WEST BANK, FSB, ET AL. | BC495531 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **TRANSUNION CORP., A DELAWARE CORPORATION**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                        ☐ other:

7. Person who served papers
  a. Name: **Michael James Hylan - Janney & Janney Attorney Service, Inc.**
  b. Address: **1545 Wilshire Blvd., Ste. 311 Los Angeles, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: $ **40.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
       (i) ☐ owner    ☐ employee    ☒ independent contractor.
       (ii) Registration No.: **2012-013**
       (iii) County: **Nevada**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **December 11, 2012**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Ste. 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

          **Michael James Hylan**                                      (SIGNATURE)
      (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)



1   Sarah G. Conway (State Bar No. 261414)
    sgconway@jonesday.com
2   JONES DAY
    555 South Flower Street, 50th Floor
3   Los Angeles, CA 90071-2300
    Telephone:    (213) 489-3939
4   Facsimile:    (213) 243-2539

5   Attorneys for Defendant
    Experian Information Solutions, Inc.
6

7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 2  2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Mary Flores

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10

11   ROCKWELL L. SCHARER III,          CASE NO.: BC495531

12              Plaintiff,              Assigned for all purposes to the Honorable
                                        Richard E. Rico, Dept. 17
13        v.

14   ONEWEST BANK, FSB, a               DEFENDANT EXPERIAN INFORMATION
     Corporation; EXPERIAN             SOLUTIONS, INC'S ANSWER AND
15   INFORMATION SOLUTIONS, INC.,      AFFIRMATIVE DEFENSES TO THE
     an Ohio Corporation; EQUIFAX, INC., FIRST AMENDED COMPLAINT
16   a Georgia Corporation; TRANSUNION
     CORP., a Delaware Corporation;    Complaint Filed:    November 9, 2012
17   DOES 1 through 20, inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

                                 1
          ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

1  Defendant Experian Information Solutions, Inc. ("Experian"), answers the unverified

2  Complaint of Plaintiff Rockwell L. Scharer III as follows:

3  ### GENERAL DENIAL

4  Pursuant to section 431.30(d) of the California Code of Civil Procedure, Experian denies,

5  generally and specifically, each and every allegation of the Complaint.  Experian further denies

6  that Plaintiff has suffered, or will suffer, any injury, detriment, damage or loss, or is entitled to

7  costs, expenses, or attorneys' fees in any matter or sum whatsoever, by reason of any act or

8  omission of Experian, its agents, employees, and/or anyone acting on Experian's behalf.

9  Experian further denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

10  ### AFFIRMATIVE DEFENSES

11  The following affirmative defenses are asserted by Experian without admitting that

12  Plaintiff has any right whatsoever to the relief requested.  Experian reserves the right to assert

13  additional affirmative defenses at such time and to such extent as warranted by discovery and the

14  factual developments in this case.  By alleging the affirmative defense set forth below, Experian

15  intends no alteration of the burden of proof and/or burden of producing evidence which otherwise

16  exists with respect to any particular issue at law or equity.  All affirmative defenses are pled in the

17  alternative, and do not constitute any admission of liability.  As separate and distinct affirmative

18  defenses to the Complaint, Experian alleges as follows:

19  ### FIRST AFFIRMATIVE DEFENSE

20  ### (FAILURE TO STATE A CLAIM AGAINST EXPERIAN)

21  1.  The Complaint, and each purported cause of action therein, fails to state facts

22  sufficient to constitute a cause of action against Experian and further fails to state facts sufficient

23  to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Experian.

24  ### SECOND AFFIRMATIVE DEFENSE

25  ### (IMMUNITY)

26  2.  Plaintiff's claims are barred as against Experian by the qualified immunity of 15

27  U.S.C. § 1681h(e).

28

1

1

### THIRD AFFIRMATIVE DEFENSE

2

### (PREEMPTION)

3      3.      Plaintiff's state law claims are barred as against Experian by federal statutes,

4  including 15 U.S.C. § 1681 *et seq.*

5

### FOURTH AFFIRMATIVE DEFENSE

6

### (TRUTH/ACCURACY)

7      4.      Plaintiff's claims are barred as against Experian because all information Experian

8  communicated to any third person regarding Plaintiff was true.

9

### FIFTH AFFIRMATIVE DEFENSE

10

### (FAILURE TO MITIGATE DAMAGES)

11      5.      Plaintiff has failed to mitigate his damages.

12

### SIXTH AFFIRMATIVE DEFENSE

13

### (LACHES)

14      6.      The First Amended Complaint and each claim for relief therein is barred by laches.

15

### SEVENTH AFFIRMATIVE DEFENSE

16

### (CONTRIBUTORY/COMPARATIVE FAULT)

17      7.      Experian is informed and believes and thereon alleges that any alleged damages

18  sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted

19  from Plaintiff's own negligence which equaled or exceeded any alleged negligence or

20  wrongdoing by Experian.

21

### EIGHTH AFFIRMATIVE DEFENSE

22

### (ESTOPPEL)

23      8.      Any damages that Plaintiff may have suffered, which Experian continues to deny,

24  were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped

25  and barred from recovery of any damages whatsoever as against Experian.

26

27

28

2

1

**NINTH AFFIRMATIVE DEFENSE**

2

**(STATUTE OF LIMITATIONS)**

3    9.    Experian is informed and believes and thereon alleges that all claims for relief in

4    the Complaint against Experian are barred by the applicable statutes of limitation, including but

5    not limited to 15 U.S.C. § 1681p.

6

**TENTH AFFIRMATIVE DEFENSE**

7

**(INTERVENING CAUSE)**

8    10.    Plaintiffs' alleged damages, which Experian continues to deny, were not caused by

9    Experian, but by an independent intervening cause, including but not limited to accurate negative

10   information regarding Plaintiff.

11

**ELEVENTH AFFIRMATIVE DEFENSE**

12

**(UNCLEAN HANDS)**

13   11.    The Complaint, and each claim for relief therein that seeks equitable relief, is

14   barred by the doctrine of unclean hands.

15

**TWELFTH AFFIRMATIVE DEFENSE**

16

**(INDEMNIFICATION)**

17   12.    Experian is informed and believes and thereon alleges that any purported damages

18   allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom

19   Experian had neither control nor responsibility.

20

**THIRTEENTH AFFIRMATIVE DEFENSE**

21

**(IMPROPER REQUEST FOR PUNITIVE DAMAGES)**

22   13.    Plaintiff's First Amended Complaint does not allege facts sufficient to rise to the

23   level of conduct required to recover punitive damages, and thus Plaintiff's request for punitive

24   damages is improper.

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26

**(REASONABLE PROCEDURES)**

27   14.    Experian is informed and believes, and thereon alleges, that Plaintiff's claims

28   against Experian are barred, in whole or in part, because Experian has, at all times relevant to

3

Plaintiff's claims, followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

<b><u>FIFTEENTH AFFIRMATIVE DEFENSE</u></b>

<b><u>(RIGHT TO ASSERT ADDITIONAL DEFENSES)</u></b>

15.     Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

<b><u>PRAYER</u></b>

WHEREFORE, Defendant Experian prays as follows:

1.     That Plaintiff take nothing by reason of the Complaint;

2.     That the Complaint be dismissed with prejudice in its entirety as to Experian;

3.     That Experian be awarded costs of suit and reasonable attorneys' fees incurred herein; and

4.     For such further relief as the Court may deem just and proper.

Dated: January 2, 2013                    JONES DAY

By: _____
        Sarah G. Conway

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

LAI-3182543

4

1

**PROOF OF SERVICE**

2

    I, Linnea Kempf, declare:

3

    I am a citizen of the United States and employed in Los Angeles County, California.  I am

4

over the age of eighteen years and not a party to the within-entitled action.  My business address

5

is 555 South Flower Street, Fiftieth Floor, Los Angeles, California  90071.2300.  On January 2,

6

2013, I served a copy of the within document(s):

7

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS,**
**INC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE**

8

**FIRST AMENDED COMPLAINT**

9

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set

10

    forth below on this date before 5:00 p.m.

11

☒    by placing the document(s) listed above in a sealed envelope with postage thereon
    fully prepaid, in the United States mail at Los Angeles, California addressed as set

12

    forth below.

13

☐    by placing the document(s) listed above in a sealed _____ envelope and
    affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery

14

    Service agent for delivery.

15

☐    by personally delivering the document(s) listed above to the person(s) at the

16

    address(es) set forth below.

17

☐    by transmitting via e-mail or electronic transmission the document(s) listed above
    to the person(s) at the e-mail address(es) set forth below.

18

19

Paul M. Hittelman          *Attorney for Plaintiff*
12011 San Vicente Blvd., Suite 600    *ROCKWELL L. SCHARER III*

20

Los Angeles, CA 90049-4948
Phone: 310.471.7600

21

Fax: 310.471.7655

22

Paul W. Sheldon          *Attorney for Defendant*
STRASBURGER & PRICE, LLP    *ONEWEST BANK*

23

2801 Network Boulevard, Suite 600
Frisco, TX 75034

24

Phone:  469.287.3955

25

Fax:  469.227.6574

26

27

28

Thomas P. Quinn                         *Attorney for Defendant*
NOKES & QUINN                           *EQUIFAX, INC.*
410 Broadway, Suite 210
Laguna Beach, CA 92651
Phone:  (949) 376-3500
Fax:  (949) 376-3070

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on January 2, 2013, at Los Angeles, California.

                                        Linnea Kemp

LA1-3182648v1



1   Sarah G. Conway (State Bar No. 261414)
    sgconway@jonesday.com
2   JONES DAY
    555 South Flower Street, 50th Floor
3   Los Angeles, CA 90071-2300
    Telephone:     (213) 489-3939
4   Facsimile:      (213) 243-2539

5   Attorneys for Defendant
    Experian Information Solutions, Inc.

6

7



CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 03 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
    Gloriella Robinson

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF LOS ANGELES

10

11  ROCKWELL L. SCHARER III,              CASE NO.: BC495531

12              Plaintiff,                Assigned for all purposes to the Honorable
                                          Richard E. Rico, Dept. 17
13         v.

14  ONEWEST BANK, FSB, a                  AMENDED PROOF OF SERVICE
    Corporation; EXPERIAN                 REGARDING DEFENDANT EXPERIAN
15  INFORMATION SOLUTIONS, INC.,          INFORMATION SOLUTIONS, INC'S
    an Ohio Corporation; EQUIFAX, INC.,   ANSWER AND AFFIRMATIVE
16  a Georgia Corporation; TRANSUNION     DEFENSES TO THE FIRST AMENDED
    CORP., a Delaware Corporation;        COMPLAINT
17  DOES 1 through 20, inclusive,
                                          Complaint Filed:   November 9, 2012
18              Defendants.

19

20

21

22

23

24

25

26

27

28

                                    1
AMENDED PROOF OF SERVICE REGARDING ANSWER AND AFFIRMATIVE DEFENSES TO
                           THE COMPLAINT

**PROOF OF SERVICE**

1

2       I, Linnea Kempf, declare:

3       I am a citizen of the United States and employed in Los Angeles County, California.  I am

4 over the age of eighteen years and not a party to the within-entitled action.  My business address

5 is 555 South Flower Street, Fiftieth Floor, Los Angeles, California  90071.2300.  On January 3,

6 2013, I served a copy of the within document(s):

7         **AMENDED PROOF OF SERVICE REGARDING**
            **DEFENDANT EXPERIAN INFORMATION SOLUTIONS,**

8         **INC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE**
            **FIRST AMENDED COMPLAINT**

9

10   ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
           forth below on this date before 5:00 p.m.

11

12   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
           fully prepaid, in the United States mail at Los Angeles, California addressed as set
           forth below.

13

14   ☐   by placing the document(s) listed above in a sealed _____ envelope and
           affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery

15         Service agent for delivery.

16   ☐   by personally delivering the document(s) listed above to the person(s) at the
           address(es) set forth below.

17

18   ☐   by transmitting via e-mail or electronic transmission the document(s) listed above
           to the person(s) at the e-mail address(es) set forth below.

19   Paul M. Hittelman               *Attorney for Plaintiff*

20   12011 San Vicente Blvd., Suite 600    *ROCKWELL L. SCHARER III*
       Los Angeles, CA 90049-4948

21   Phone: 310.471.7600
       Fax: 310.471.7655

22   Email:  PMHPC@earthlink.net

23   Donald E. Bradley             *Attorney for Defendant*

24   MUSICK, PEELER & GARRETT LLP   *TRANS UNION LLC*
       650 Town Center Drive, Suite 1200

25   Costa Mesa, CA 92626-1925
       Phone:  714.668.2400

26   Fax:  714.668.2490
       Email:  d.bradley@mpglaw.com

27

28

Proof of Service

1    Vivian I. Kim                           *Attorneys for Defendant*
      J. Kevin Snyder                   *ONEWEST BANK, FSB*

2    DYKEMA GOSSETT PLLC

3    333 South Grand Ave., Suite 2100
      Los Angeles, CA 90071

4    Phone:  213.457.1738
      Fax:  213.457.1850

5    Email:  vkim@dykema.com
              ksnyder@dykema.com

6

7    Thomas P. Quinn                *Attorney for Defendant*
      NOKES & QUINN               *EQUIFAX INFORMATION*

8    410 Broadway, Suite 210         *SERVICES, LLC*
      Laguna Beach, CA 92651

9    Phone:  949.376.3500
      Fax:  949.376.3070

10   Email:  tquinn@kslaw.com

11      I am readily familiar with the firm's practice of collection and processing correspondence

12  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

13  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

14  motion of the party served, service is presumed invalid if postal cancellation date or postage

15  meter date is more than one day after date of deposit for mailing an affidavit.

16      I declare under penalty of perjury under the laws of the State of California that the above

17  is true and correct.

18      Executed on January 3, 2013, at Los Angeles, California.

19

20

21                                 Linnea Kempf

22  LAI-3182648v1

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

## CONSENT TO REMOVAL

Defendant OneWest Bank, FSB (erroneously sued as "OneWest Bank, FSB, a Corporation"), by and through its undersigned counsel, hereby expressly consents to the removal to the United States District Court for the Central District of California of the action commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Rockwell L. Scharer III v. OneWest Bank, FSB, et al.*, Case No. BC495531.


Dated:  January 2, 2013                          DYKEMA GOSSETT LLP


By: _____
J. Kevin Snyder
Vivian I. Kim
Attorneys for Defendant
ONEWEST BANK, FSB

1   Sarah G. Conway (State Bar No. 261414)
    sgconway@jonesday.com
2   JONES DAY
    555 South Flower Street, 50th Floor
3   Los Angeles, CA  90071-2300
    Telephone:  (213) 489-3939
4   Facsimile:  (213) 243-2539

5   Attorney for Defendant
    EXPERIAN INFORMATION SOLUTIONS, INC.

6

7                 **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
8

9   ROCKWELL L. SCHARER III,            )   Case No. _____
                                        )
10                  PLAINTIFF,          )   **DEFENDANT EXPERIAN**
                                        )   **INFORMATION SOLUTIONS,**
11  V.                                  )   **INC'S JOINDER AND CONSENT**
                                        )   **TO REMOVAL OF ACTION**
12  ONEWEST BANK, FSB, a Corporation;   )
    EXPERIAN INFORMATION                )   (Removed from Superior Court of
13  SOLUTIONS, INC., an Ohio Corporation; )  the State of California, for the
    EQUIFAX, INC., a Georgia Corporation; )  County of Los Angeles, Case No.
14  TRANSUNION CORP., a Delaware        )   BC495531)
    Corporation; DOES 1 through 20,     )
15  inclusive.                          )
                                        )
16                  DEFENDANTS.         )

17

18

19

20

21

22

23

24

25

26

27

28

                                        **1**
    _____ DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S CONSENT TO REMOVAL

1    Without waiving any other defenses, Defendant Experian Information

2  Solutions, Inc., hereby joins in and consents to the removal of this action from the

3  Superior Court of the State of California, for the County of Los Angeles, to this

4  Court.

5    Experian Information Solutions, Inc, first received a copy of the Complaint,

6  the initial pleading setting forth the claim for relief upon which this action is based,

7  on December 5, 2012.

8

9  DATED:  December 28, 2012    JONES DAY

10                    By:

11                       Sarah G. Conway

12                       Attorney for Defendant
                         EXPERIAN INFORMATION SOLUTIONS,
13                       INC.

14

15  LAI-3182168

16

17

18

19

20

21

22

23

24

25

26

27

28

1   THOMAS P. QUINN (State Bar No. 132268)
    NOKES & QUINN
2   410 BROADWAY, SUITE 210
3   LAGUNA BEACH, CA 92651
    Tel: (949) 376-3500
4   Fax: (949) 376-3070
    Email:  tquinn@nokesquinn.com
5   Attorneys for Defendant EQUIFAX
6   INFORMATION SERVICES LLC

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  ROCKWELL L. SCHARER III,            Case No. _____

12            Plaintiff,

13  v.                                  **DEFENDANT EQUIFAX
                                        INFORMATION SERVICES,
14  ONEWEST BANK, FSB, a Corporation;   LLC'S JOINDER AND CONSENT
15  EXPERIAN INFORMATION                TO REMOVAL OF ACTION**
    SOLUTIONS INC, an Ohio Corporation;
16  EQUIFAX, INC., a Georgia Corporation;
17  TRANSUNION CORP., a Delaware
    Corporation; DOES 1 through 20,
18  inclusive,
19
              Defendants;
20

21          Without waiving any other defenses, Defendant Equifax Information
22
    Services, LLC, erroneously named Equifax, Inc., hereby joins in and consents to the
23
    removal of this action from the Superior Court of the State of California, Los
24
    Angeles County, to this Court.
25
            Equifax Information Services, LLC first received a copy of the Complaint,
26
    the initial pleading setting forth the claim for relief upon which this action is based,
27
    on December 7, 2012.
28

                                    - 1 -

4450844.1/SP/83057/0100/121912

1

2    DATED:  December 21, 2012         NOKES & QUINN, APC

3

4                                    By:

5                                        Thomas P. Quinn, Jr.

6                                        Attorney for Defendant
                                         Equifax Information Services, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4450844.1/SP/83057/0100/121912

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On January 4, 2013, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Musick, Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4, 2013, at Costa Mesa, California.

_April M. Yusay_
April M. Yusay

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

827618.1

4

DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

## SERVICE LIST

Paul M. Hittelman
12011 San Vicente Boulevard, Suite 600
Los Angeles, CA  90049
Phone:  (310) 471-7600
Fax:     (310) 471-7655
Email: PMHPC@earthlink.net
*Counsel for Plaintiff*

Vivian I. Kim
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Phone:  (213) 457-1738
Fax:     (213) 457-1850
Email: vkim@dykema.com
*Counsel for Defendant OneWest Bank, FSB*

Thomas P. Quinn, Jr.
NOKES & QUINN APC
410 Broadway, Suite 200
Laguna Beach, CA  92651
Phone:  (949) 376-3500
Fax:     (949) 376-3070
Email:  tquinn@nokesquinn.com
*Counsel For Defendant Equifax Information Services, LLC*

Sarah Conway
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA  90071
Phone:  (213) 243-2567
Fax:     (213) 243-2539
Email: sgconway@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

827618.1

5

DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

### CV13- 80 DSF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **Western Division** | **Southern Division** | **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.