Sarah G. Conway (State Bar No. 261414)
sgconway@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ROCKWELL SCHARER III,

Plaintiff,

v.

ONEWEST BANK, FSB, a Corporation; EXPERIAN INFORMATION SOLUTIONS, INC, an Ohio Corporation; EQUIFAX, INC., a Georgia Corporation; TRANSUNION CORP., a Delaware Corporation; DOES 1 through 20, inclusive,

Defendants.

Case No. CV13-00080 DSF (AGRx)

Assigned for all purposes to Honorable Dale S. Fischer

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

[Discovery Document: Referred to Magistrate Judge Alicia G. Rosenberg]

NOTE CHANGES MADE BY THE COURT

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

This Stipulation and [Proposed] Protective Order Concerning Discovery and Confidentiality ("Protective Order") between Plaintiff Rockwell L. Scharer III ("Plaintiff") and Defendants OneWest Bank, FSB ("OneWest"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Trans Union LLC ("TransUnion") (collectively, "Defendants"):

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants.

WHEREAS, there is good cause for protection of the parties' confidential proprietary information and financial information that is protectable under the laws of the United States and the State of California's Constitutional right to privacy. To that end, the parties have jointly drafted the instant proposed protective order, which the parties respectfully seek to be entered by the Court in order to prevent harmful disclosure of their confidential information;

WHEREAS, the parties to this action expect that they will be requested to produce documents, provide testimony, and otherwise disclose confidential, financial, proprietary and tax return information, that requires protection as confidential;

WHEREAS, the disclosure of any such confidential information within this action is made solely for purposes of this action and should not be used for any other purpose; and

WHEREAS, the parties to this action seek to establish procedures that will protect all confidential information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality, and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

**1. DEFINITIONS**

The following definitions shall apply to this Discovery Order:

1.1 The "Action" shall mean and refer to the above-captioned matter and to all actions consolidated at any time under the above-captioned matter, through final judgment, and to any appeal from the Action.

1.2 "Document" means a writing, as defined in the Federal Rules of Evidence, rule 1001, et seq, and the Federal Rules of Civil Procedure, Rule 34a, including without limitation, the original or a copy of documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

1.3 "Confidential Document" shall mean Documents that are confidential to a party, which have not been publicly disclosed, and that the Producing Party (as defined below) designates as "Confidential" in the manner set forth in this Discovery Order; provided, however, that by agreeing to this Discovery Order, no party waives the right to challenge any other party's designation of any Document as "Confidential."

1.4 "Confidential Information" shall mean confidential information that has not been made available to the general public that concerns or relates to financial information, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law. "Confidential" is a designation that can be

applied to any type or classification or form of information (oral, written, magnetic, electronic or otherwise) whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, or otherwise. "Confidential" information means such information as is lawfully entitled to confidential treatment under United States and California law, including, but not limited to, confidential financial information, confidential personal financial data, proprietary information, income tax returns, information protected by Article I, Section 1 of the State of California Constitution and similar information.

1.5 "Confidential-Attorneys' Eyes Only" shall mean confidential materials that a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action. The Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

1.6 "Designating Party" shall mean the party in this Action designating a Document as Confidential.

1.7 "Producing Party" shall mean the party producing Documents, responding to discovery, or providing testimony or Confidential Information, whether informally or pursuant to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

1.8 "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential," or other appropriate term identifying the level of confidentiality of the Document.

1.9 When reference is made in this Protective Order or to any Document, the singular shall include the plural, and plural shall include the singular.

**2. GOOD CAUSE STATEMENT**

2.1 The Parties seek confidential protection for all documents, testimony, transcripts or other materials in this action produced by any party or non-party and the information contained therein. The documents to be produced by defendants Experian, Equifax and Trans Union contain critical information regarding their computer systems involved in credit reporting. These defendants' credit-reporting businesses rely on the use of their computer hardware and software. Experian, Equifax and Trans Union have each worked hard and incurred great cost to update their computer hardware and software to create the best possible credit-reporting system.

2.2 In order to operate national credit reporting services, defendants Experian, Equifax and Trans Union had to design its unique computer systems to process information received from tens of thousands of diverse lenders and other entities involved in the credit industry, from the public record and from other sources. Extremely sophisticated and unique computer software design was necessary to allow these defendants to process that information in the form of credit reports as accurately as possible when a customer applies for credit. Defendants Experian, Equifax and Trans Union have each spent hundreds of millions of dollars and countless hours of employee time developing their unique and sophisticated computer systems.

2.3 The sophistication of Experian's, Equifax's and Trans Union's computer systems are major advantages for each in the marketplace. Were information about their highly sophisticated computer systems to get into the hands of its competitors, it would enable the competitors to enhance their own systems and, in so doing, remove the marketing edge currently enjoyed by them. Similarly, were information about their design and workings to get into the hands of a would-be competitor, it would greatly facilitate that would-be competitor's efforts to develop its own sophisticated computer system. Each of these would have a

serious financial impact on Experian, Equifax and Trans Union. Were this same type of information to get into criminal hands, it would facilitate the efforts of those who seek to improperly access these defendants' files on consumers and perpetrate identity fraud. It would also facilitate the efforts of those who seek to make changes to information in consumers' files. In addition to impairing the privacy of consumers, such actions could lead to a loss of confidence in defendants Experian, Equifax and Trans Union. This loss of confidence, critical in the credit reporting business, could put Experian, Equifax and Trans Union out of business.

2.4 Plaintiff and Defendants will be disclosing Plaintiff's sensitive personal information including medical and credit records, and confidential information of other individuals may also be disclosed. It is extremely important that this information remain protected and not be readily available due to the dangers of identity theft.

## 3. TERMS OF THE DISCOVERY ORDER

3.1 Designation of Documents

3.1.1 "Confidential" - Any Producing Party may designate Documents, Information, or Testimony as "Confidential," if the party reasonably and in good faith believes that they contain personal, financial, proprietary and tax information entitled to confidential treatment under applicable law.

3.1.2 The Producing Party may designate Document, Information, or Testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the appropriate Legend to all copies of the Documents, Information, or Testimony at the time of production. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter (in accordance section 3.13 below) if such designations are inadvertently omitted.

3.1.3 A party may designate Documents, Information, or Testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" that is provided by a third party if the Documents, Information, or Testimony contain Confidential

Information or if disclosure of the Documents, Information, or Testimony would risk harm to the Producing Party's privacy. The Designating Party shall inform all parties in writing of the serial number[s] assigned to such Document[s], Information, or Testimony within seven (7) days of that party's receipt of the Documents, Information, or Testimony or within seven (7) days of the entry of this Discovery Order, whichever is later.

3.1.4 All parties receiving written notice of such designation concerning documents provided by a third party provided without appropriate designation marked shall affix the appropriate Legend to all pages of any copy or copies of such Documents, Information, or Testimony in their possession.

3.1.5 Any party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" or “Confidential – Attorneys’ Eyes Only” by: (a) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies- thereof); or (b) informing counsel for all other parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

3.2 Provisions and Limitations of Use

3.2.1 Use of Information. All Confidential Documents, Information, or Testimony in this Action shall be used solely for purposes of the prosecution, defense or settlement of this Action, including, without limitation, discovery, motions, briefs and preparation for trial, and for no other purpose, except as otherwise stated within this Discovery Order. This Protective Order does not affect the admissibility of Confidential Documents, Information, or Testimony.

3.2.2 Persons to Who Mav View and/or Use Confidential Information. Unless the Designating Party agrees otherwise, and subject to the

provisions of Sections 3.3,3.4,3.5 and 3.10 below, Documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) the parties to this Action who first execute Exhibit "A" hereto; (iv) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial who first execute Exhibit "A" hereto; (v) stenographic reporters who are involved in depositions or any Court hearings or proceedings; and (vi) any other person as to whom the parties agree in writing that disclosure is appropriate and who first execute Exhibit "A" hereto.

3.2.3 Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (i) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; (ii) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (iii) the Court and its personnel; (iv) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

"Declaration of Compliance" (Exhibit A); and (v) the author of the document or the original source of the information.

3.3 Duty to Inform of Order

Unless the Designating Party agrees otherwise, Documents designated "Confidential" or "Confidential – Attorneys' Eyes Only" may be disclosed to persons referred to in categories (ii) and (v) of Sections 3.2.2 and 3.2.3 only after such persons have been provided with, and have reviewed, a copy of this Discovery Order.

3.4 Persons Required to Sign Order

Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (iii), (iv) and (v) of Section 3.2.2 only after these persons have been provided with a copy of this Protective Order and have signed the certification attached hereto as Exhibit A. Unless the Designating Party agrees otherwise, Documents designated "Confidential-Attorneys' Eyes Only" may be disclosed to persons referred to in categories (ii) and (iv) of Section 3.2.3 only after these persons have been provided with a copy of this Protective Order and have signed the certification attached hereto as Exhibit A.A copy of this certification shall be retained by the counsel of the party disclosing the Confidential Documents or Confidential Information.

3.5 Third Parties

Persons who are not qualified recipients under this Protective Order may be examined as witnesses at depositions concerning "Confidential" Information. In order to facilitate deposing such persons about "Confidential" Information, each party will make a good faith effort to have the deponent sign Exhibit "A" before the deposition begins. In the event the deponent refuses to sign Exhibit "A," the deposition shall be allowed to proceed, after the deposing parties' counsel specifies with particularity, or stipulates with the other parties, that the witness needs to know the "Confidential" information, and after the deposition, the parties may designate the contents of the deposition as "Confidential." Such designation shall not be

considered conclusive of the status of the Documents or Information and the non-designating party may object to such designation under the procedure outlined in this Discovery Order. Display or disclosure of "Confidential" information to a deposition witness shall not constitute a waiver of its confidentiality.

3.6 Copies

Any person who obtains access to material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose confidential information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects or discloses confidential information is to be treated in accordance with the provisions of this Discovery Order. All copies of material stamped "Confidential" in accordance with Section 3.1 of this Order shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" Documents, Information, or Testimony as provided in this Discovery Order. Any person making, or causing to be made, copies of any "Confidential" Documents, Information, or Testimony shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Discovery Order.

3.7 Agreement to Maintain Confidentiality

Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Documents, Information, or Testimony designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such under this Discovery Order.

3.8 Objections to Designation

Following the receipt of Documents, Information, or Testimony marked "Confidential" or "Confidential – Attorneys' Eyes Only" any party to the Action may

object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party by meeting and conferring as required by the FRCP or Local Rules. If the objecting party and the Designating Party are unable to resolve the objection, the objecting party may move the Court for an order with respect to the disputed information. The objecting party's obligation to seek de-designation of Documents does not affect the Designating Party's burden under applicable law. In the event that any party files a motion to release a Document from a designation of "Confidential" or "Confidential - Attorneys' Eyes Only" the motion must be filed with an application to file it under seal to the extent it discloses designated information.

3.8.1 A Party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential – Attorneys' Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

3.9 Separate Protective Order or Modification of This Protective Order

This Protective Order shall be without prejudice to the rights of the parties to the Action to present a motion to the Court for a separate protective order as to any particular Document or information, including restrictions differing from those specified in this Protective Order. In addition, this Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

3.10 Additional Disclosure

If counsel wish to disclose an adversary's or third party's "Confidential" or "Confidential – Attorneys' Eyes Only" material to any person not identified in Sections 3.2.2 and 3.2.3 above, counsel wishing to make such disclosure must proceed in the following manner:

3.10.1 The names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to lead counsel for the Designating

Party, along with the basis for their need to know, and a description with reasonable specificity of the confidential material to be disclosed.

3.10.2 Counsel for the Designating Party shall have seven (7) court days to object to such disclosure in writing.

3.10.3 If an objection to the disclosure is asserted by counsel to the Designating Party, the party wishing to disclose the confidentially- designated materials must apply for relief to the Court after meeting and conferring with counsel to the party opposing disclosing. Such material shall not be disclosed pending a decision by the Court on such motion.

3.10.4 Prior to the disclosure of confidential material to any such person, the person must agree to be bound by the terms of this Protective Order by signing the certification in the form of Exhibit A attached hereto. By such execution, the person represents that he or she understands the terms of this Protective Order and that he or she agrees to be bound by its terms.

3.10.5 The person will be shown only such identified "Confidential" or "Confidential – Attorneys' Eyes Only" material as is essential to enable him or her to render the assistance required.

3.11 Filing Confidential Material

No "Confidential" or "Confidential – Attorneys' Eyes Only" material shall be filed in the public record of this action absent a court order. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk with an application to file them under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any ~~party filing any document~~ application to file under seal must comply with the requirements of Civil Local Rule 79.5.

3.12 Inadvertent Production or Disclosure of Confidential Documents, Information or Testimony

The inadvertent production or disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, Information, or Testimony by a Producing Party shall not constitute a waiver of any claim of confidentiality where (a) the Producing Party notifies the receiving party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure; and (b) within thirty (30) days of such notice, the Producing Party provides properly re-designated Documents to the receiving party. The receiving party shall not be deemed to have breached this Protective Order in the event that undesignated "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, Information, or Testimony are disclosed to any person not identified in Sections 3.2.2 or 3.2.3 prior to notice of such inadvertent disclosure by the Producing Party. During the thirty (30) day period after notice, the materials shall be treated as designated in the Producing Party's notice. Upon receipt of properly redesignated Documents, the receiving party shall destroy or return all unmarked or incorrectly designated Documents to the Producing Party within five (5) business days. All parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure.

3.13 Inadvertent Disclosure of Confidential Documents, Information or Testimony to Third Parties

Upon learning that "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, Information, or Testimony have been inadvertently disclosed by a receiving party to any person or party not authorized to receive them by this Discovery Order, then the receiving party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, Information, or Testimony and to bind such person or party to the terms of this Agreement; (c) within seven (7) business days of the discovery of such disclosure, inform such

person or party of all provisions of this Agreement and identify such person or party to the Designating Party; and (d) request such person or party to sign the certification attached hereto as Exhibit A. The executed certification shall be served upon counsel for the Designating Party within ten (10) business days of its execution, as required by section 3.4, by the party to whom the "Confidential" or "Confidential – Attorneys' Eyes Only" Documents or Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of this Protective Order.

3.14 Subpoena for Confidential Document or Confidential Information

If at any time any "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, Information, or Testimony are subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Documents, Information, or Testimony, the party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing.

3.15 Continuation of Protection After Disposition

The termination of proceedings in the Action shall not relieve any of the parties from the obligation of maintaining the confidentiality of all "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, Information, or Testimony produced and designated pursuant to this Discovery Order, unless all of the parties to the Action agree otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon the final disposition of the Action, the parties shall automatically and promptly, but no later than 60 days after final disposition, return any "Confidential" or "Confidential – Attorneys' Eyes Only" Documents (and all copies made thereof) to the Producing Party from whom such Documents were obtained or shall certify the destruction thereof; provided,

however, that the parties shall be entitled to keep in their possession any court filings, deposition transcripts or hearing transcripts, all of which shall continue to be governed by this Protective Order.

3.16 Inadvertent Production of Privileged or Protected Documents

If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced information subject to a claim of privilege or immunity, upon written request made by the Producing Party within twenty-one (21) days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the Producing Party's assertion of privilege or immunity. All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

3.17 Scope of Protective Order

The provisions of this Protective Order apply to all proceedings in this action, ~~including all appeals, arbitrations, and proceedings upon remand~~, except that the provisions of this Protective Order shall not apply to evidence presented at court proceedings nor otherwise restrict any party from introducing designated "Confidential" Documents, Information, or Testimony as evidence at trial. A party may ~~seek a protective order~~ file a motion prior to trial with respect to testimony containing

designated "Confidential" or “Confidential – Attorneys’ Eyes Only” Information that may be offered at trial or specific Documents containing designated "Confidential" or “Confidential – Attorneys’ Eyes Only” Information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information

The Parties agree to be bound by the terms of this Stipulation and begin producing Documents pending entry of the Protective Order by the Court.

**IT IS SO STIPULATED:**

DATED: June 24, 2014

PAUL M. HITTELMAN

By: /s/ Paul M. Hittelman
Paul M. Hittelman
Attorney for Plaintiff Rockwell L. Scharer III

DATED: June 24, 2014

NOKES & QUINN

By: /s/ Thomas P. Quinn
Thomas P. Quinn
Attorneys for Defendant Equifax, Inc. and substituting Defendant Equifax Information Services, LLC

DATED: June 24, 2014

JONES DAY

By: /s/ Sarah G. Conway
Sarah G. Conway
Attorneys for Defendant Experian Information Solutions, Inc

DATED: June 24, 2014 MUSICK, PEELER & GARRETT, LLP

By: /s/ Donald E. Bradley
Donald E. Bradley
Attorneys for Defendant TransUnion LLC

DATED: June 24, 2014 DYKEMA GOSSET, LLP

By: /s/ J. Kevin Snyder
J. Kevin Snyder
Attorneys for Defendant OneWest Bank, FSB

**ORDER**

Good cause appearing therefore, **IT IS SO ORDERED.**

DATED: July 10, 2014

By: Alicia G. Rosenberg
Hon. Alicia G. Rosenberg
United States Magistrate Judge

**EXHIBIT A**

**NON DISCLOSURE CERTIFICATION**

I, ______________________________________, declare as follows:

1. My address is ______________________________________________.

2. My present employer is ______________________________________.

3. My present occupation or job description is _________________________.

4. I have received a copy of the Stipulated Protective order entered in this action on _______________, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action. 9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: June __, 2014

By: ______________________________

DATED: June __, 2014 WITNESS:

By: ______________________________